

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO: 13-73** |
| v. | * | **SECTION: "K"** |
| **INIGO ALBINA** | * | |

\* \* \*

## FACTUAL BASIS

The United States, represented by the United States Attorney's Office for the Eastern District of Louisiana, and the defendant, **INIGO ALBINA**, hereby agree that this Joint Factual Statement is a true and accurate statement of the Defendant's criminal conduct, that it provides a sufficient basis for the Defendant's plea of guilty to the charges contained in the Bill of Information in the above-captioned matter and as set forth in the plea agreement signed this same day, and had this matter proceeded to trial, the following facts would be established beyond a reasonable doubt through competent evidence and testimony.

The defendant, **INIGO ALBINA,** (hereinafter referred to as **"ALBINA"**) served as the Chief Engineer of the *M/T Stolt Facto,* a 26,328 gross ton oil tanker, from October 18, 2012, until on or about January 30, 2013. As the Chief Engineer, **ALBINA** was responsible for the overall operation

of the engine room which included maintaining the Oil Record Book. **ALBINA** admits that he knew that the *M/T Stolt Facto* was subject to the requirements of MARPOL and APPS regarding the maintenance of an Oil Record Book. **ALBINA** also admits that he knew that discharges of bilge water from the *M/T Stolt Facto* containing oil in greater concentrations than 15 ppm would be a violation of the requirements of MARPOL and APPS.

During his tenure as Chief Engineer of the *M/T Stolt Facto*, **ALBINA** made and signed all the entries in the Oil Record Book. **ALBINA's** entries stated that the bilge water on the vessel had passed through the Oil Water Separator prior to being discharged overboard. Contrary to the statements in the Oil Record Book, the contents of the bilge wells and bilge holding tank were actually pumped into the sewage holding tank with hoses that stretched upward onto the uppermost deck of the engine room and around the floor of the engine control room by-passing the Oil Water Separator. From the sewage holding tank, the bilge water was discharged into the ocean. **ALBINA** did not record these exceptional discharges in the Oil Record Book.

On or about January 15, 2013, the *M/T Stolt Facto* was boarded by the United States Coast Guard pursuant to its 89(a) authority while the vessel was anchored in the Mississippi River, near New Orleans, Louisiana, and within the Eastern District of Louisiana. During the boarding, the Coast Guard inspectors found the hoses and pump used to by-pass the Oil Water Separator. When the Coast Guard inspectors questioned the engine room crew about the purpose for the equipment and the operation of the Oil Water Separator, all except one engineer, denied that they by-passed the Oil Water Separator despite some of them having been ordered to assist with the connection of the hoses and pumps.

After the Coast Guard's initial interviews of the engine crew, **ALBINA** asked each one how he had responded to the Coast Guard's questions. **ALBINA** then conducted an all-hands meeting with the engineers and lower level engine room crew. The illegality of the operation was discussed, but **ALBINA** told everyone in the meeting to deny knowledge of the hoses going to the sewage holding tank by-passing the Oil Water Separator. **ALBINA** admits that he was trying to influence the Coast Guard inspection by telling the crew to lie in order to prevent the Coast Guard from detecting that the hoses and pump were used to by-pass.

When the Coast Guard resumed interviews on or about January 18, 2013, the crew continued to deny the Oil Water Separator had been by-passed claiming that the hoses and pump were used for cleaning purposes only.

**READ AND APPROVED:**

_____  
INIGO ALBINA  
Defendant

_____  
KENNETH POLITE  
Attorney for Defendant

Date 4/11/13

_____  
EMILY K. GREENFIELD 28587  
Assistant United States Attorney